# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

PATRICK L. GIDDEON,

                        Plaintiff,

        -vs-                                                      Case No.    14-CV-331

EDWARD FLYNN, MICHAEL THOMAS, JR.,
CLAUDE OSBURN, JR., JOHN AND JANE DOES,
and CITY OF MILWAUKEE POLICE DEPARTMENT,

                        Defendants.

## SCREENING ORDER

        The plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42
U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the
Court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid
an initial partial filing fee of $7.13.

        The court is required to screen complaints brought by prisoners seeking relief
against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
may be granted, or that seek monetary relief from a defendant who is immune from such
relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

2

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that on August 25, 2012, the individual and John Doe defendants unlawfully stopped the vehicle he was in, seized and arrested him without probable cause, and searched the vehicle without a warrant or valid consent, under the threat of force. He also alleges that defendant Milwaukee Police Chief Edward Flynn knew or

3

should have known that his officers had unlawful policies or practices of conducting unlawful searches and seizures and that Chief Flynn failed to correct and/or adequately train the officers. The plaintiff further alleges that defendant City of Milwaukee[1] permitted a pattern or practice of circumventing citizens' constitutional rights by the use of unlawful searches and seizures and that the City failed to properly investigate such incidents and/or adequately train its officers.

The plaintiff claims that the defendants violated his rights under the Fourth Amendment as well as his Fourteenth Amendment right to substantive due process. For relief, he seeks monetary damages and declaratory relief.

The court finds that the plaintiff may proceed on Fourth and Fourteenth Amendment claims. He should use discovery to identify the Doe defendants.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that defendant City of Milwaukee should be substituted for defendant City of Milwaukee Police Department.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the named defendants pursuant to Federal Rule of

---

[1] In the complaint caption, the plaintiff refers to defendant City of Milwaukee Police Department instead of City of Milwaukee. However, he refers to the City of Milwaukee in the body of the complaint. (Complaint at 4.) The police department is not a suable entity and, therefore, the Court will substitute the City of Milwaukee as the proper defendant.

Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $342.83 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned an entered on the docket upon receipt by the clerk, the plaintiff not mail copies to the defendants. All defendants will be served electronically through the court's electronic filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**