# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK L. GIDDEON,

          Plaintiff,

  -vs-                                      Case No. 14-CV-331

EDWARD FLYNN, MICHAEL THOMAS, JR.,
CLAUDE OSBURN, JR., CITY OF MILWAUKEE,
KURT D. KEZESKE, RAYMOND L. MONFRE,
DUSTIN J. KEGLEY, TABATHA L. KURZYNSKI,
RONALD R. CAMPOS, and GEOFFREY KEEN,

          Defendants.

## DECISION AND ORDER

On October 20, 2014, the plaintiff filed an amended complaint identifying the Doe defendants. The amended pleading will be the operative complaint in this action and the Court will order service of process on the new defendants. The Court will issue a Revised Scheduling Order after the defendants answer the amended complaint.

On September 23, 2014, the plaintiff filed a motion to appoint counsel. He asserts that he has limited access to the law library and no legal training. The plaintiff further asserts that he will be unable to obtain documentation and investigate his case due to his imprisonment. The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir.

2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the Court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. He is proceeding on Fourth and Fourteenth Amendment claims based on allegations regarding an unlawful search and seizure after he was stopped while driving. Since filing his motion, the plaintiff has identified the Doe defendants and filed an amended complaint. The Clerk of Court's Office recently mailed the plaintiff a *pro se* guide which defines legal terms and explains generally how a federal civil case proceeds. Based on the nature of the plaintiff's claim and his demonstrated abilities, the Court concludes that he is competent to litigate this case on his own at this time. Therefore, his request for *pro bono* counsel will be denied.

On September 23, 2014, the plaintiff filed a motion for extension of time. By this motion, the plaintiff asserts that he did not receive the names of the Doe defendants from the defendants. He seeks additional time to investigate his case due to insufficient funds.

As indicated, the plaintiff has now filed an amended complaint naming the Doe defendants and the Court will issue a Revised Scheduling Order at a later date. Therefore, it appears that the plaintiff's motion is moot.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for appointment of counsel (Docket # 20) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket # 21) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the amended complaint (Docket # 24) is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the new defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2014.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA
U. S. District Judge**