UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK L. GIDDEON,

          Plaintiff,

-vs-                         Case No. 14-CV-331

EDWARD FLYNN, MICHAEL THOMAS, JR,
CLAUDE OSBURN, JR, CITY OF MILWAUKEE,
KURT D. KEZESKE, RAYMOND L. MONFRE,
DUSTIN J. KEGLEY, TABATHA L. KURZYNSKI,
RONALD R. CAMPOS, and GEOFFREY KEEN,

          Defendants.

# DECISION AND ORDER

The plaintiff has filed a motion for default judgment as to defendant Kurt Kezeske. He contends that defendant Kezeske was served on October 20, 2014, and has not answered the complaint. However, Kezeske has not been served. On December 22, 2014, the waiver of service was returned unexecuted as to defendant Kezeske and on January 21, 2015, the summons was returned unexecuted. Thus, the plaintiff's motion for default judgment will be denied.

The United States Marshals Service is required to serve process on behalf of individuals proceeding *in forma pauperis*. *See* Fed. R. Civ. P. 4(c)(3). The Seventh Circuit Court of Appeals has ruled that an inmate has an obligation to provide sufficient information to identify a defendant. *See Graham v. Satkoski*, 51 F.3d 710, 712-13 (7th Cir. 1995). The

Marshal then has the obligation to make reasonable efforts to find out the defendant's present address, even if the defendant is no longer employed by the state, county, prison, or jail. *See id.* In *Graham*, the Marshals Service had not served prison employees who no longer worked at the prison, and the record indicated that "no effort was made to ascertain the defendants' new locations." 51 F.3d at 712. The court held that the district court erred by not questioning the sufficiency of the Marshals Service's efforts to locate the former employees, and remanded the case for the district court to "evaluate the Marshals Service's efforts and the adequacy of the state disclosure procedures." *Id.* at 713.

Here, it appears that the Marshal's Service has obtained the address of defendant Kezeske. The Process Receipt and Return indicates that the Marshal's Service attempted to personally serve Kezeske three times at an address in Milwaukee, Wisconsin. However, given the standard set forth above, the Court will direct the Marshal's Service to verify that the address is in fact Kezeske's and to attempt service again. For the foregoing reasons,

**IT IS THEREFORE ORDERED** that, on or before **March 2, 2015**, the United States Marshal shall verify/ascertain the address of the unserved defendant and shall serve the unserved defendant. If the defendant has refused to accept service by mail, personal service must be effected in conformity with Federal Rule of Civil Procedure 4. The address ascertained for purposes of service need not be disclosed to plaintiff and the certificate of service may be filed under seal with the court. If service is not completed, the

2

Marshal shall submit an affidavit explaining what efforts were made to verify/obtain the address of the unserved defendant and serve him. This affidavit shall be filed on or before March 3, 2015.

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2015.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**