# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICK L. GIDDEON,**

    Plaintiff,

    -vs-                              **Case No. 14-CV-331**

**EDWARD FLYNN, et al.,**

    Defendants.

## DECISION AND ORDER

This *pro se* plaintiff is a prisoner and is proceeding *in forma pauperis*. This matter is currently before the Court on the plaintiff's motion for reconsideration (ECF No. 63) of the Court's July 16, 2015 order denying the plaintiff's motion to compel and for *in camera* review (ECF No. 61).

The plaintiff asks the Court to reconsider its denial of his motion because he understood from the Court's May 20, 2014 screening order that he was to send all documents to the Court, including discovery, rather than serve discovery upon the defendants directly. The plaintiff also states that because the discovery was filed with the Court (regardless of whether that was proper), the defendants received electronic notice of the filing and therefore were "on notice for months that the plaintiff Service [sic] was not to their satisfaction." (ECF No. 63 at 2). The plaintiff argues that the

defendants should have raised their concerns regarding the plaintiff's improper service in a timely manner rather than waiting until after discovery was due.

The plaintiff's arguments do not persuade the Court to reconsider its decision because the improper service of the discovery was not the basis for the Court's denial of the plaintiff's motion. Instead, as explained in the Court's decision, this case has been pending since March 2014, and neither party has explained why further delay is necessary or warranted. Further, the plaintiff has never stated that he is or will be prejudiced by the defendants' failure to respond to the discovery at issue. The plaintiff has already filed his motion for summary judgment (the dispositive motion deadline was June 26, 2015), and the plaintiff "agrees that the scheduling order should remain in full force." (*Id*. at 2.) As such, ordering the defendants to respond would serve no purpose but to waste the time and resources of the parties. The Court does not favor creating busy-work for the parties.

In the event the plaintiff's claims are not resolved by the his motion for summary judgment, the plaintiff may file another motion seeking to reopen discovery for the limited purpose of having the defendants respond to his improperly served discovery. The Court will not consider such a

motion prior to its decision on the plaintiff's motion for summary judgment.

The plaintiff is reminded that it is his responsibility to follow the Federal Rules of Civil Procedure and the Civil Local Rules for this district, and the defendants had no obligation to educate him on his missteps. If the plaintiff finds it necessary to pursue this relief again *after* the Court publishes its decision on his motion for summary judgment, he should identify the deficiencies in any responses previously received from the defendants' and explain why he will be prejudiced if he is unable to obtain the discovery he seeks.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the "Plaintiff's Motion for Reconsideration" (ECF No. 63) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

                                              **BY THE COURT:**

*[signature: Rudolph T. Randa]*

                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**